IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CARLTON WAYNE SOLTON, JR.**,

                **Petitioner**,

    v.                            CASE NO. 18-3062-SAC

**GEARY COUNTY**,

                **Respondent**.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a pretrial detainee. Petitioner proceeds pro se.

### Background

Petitioner is in pretrial detention on charges of criminal threat and destruction. He states that he is innocent and seeks dismissal of the charges.

### Discussion

As a state pretrial detainee, petitioner must exhaust his state remedies before proceeding in a federal habeas corpus action. *Green v. Whetsel*, 164 Fed.Appx. 710, 2006 WL 151872, *1 (Jan. 20, 2006)(citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-91 (1973)).

In order to exhaust his state remedies, petitioner must present his claim in the state courts, including the Kansas appellate courts. Because petitioner has not yet presented his claim to the Kansas Court of Appeals and the Kansas Supreme Court, this matter is subject to dismissal without prejudice.

Likewise, under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), this Court should not interfere with ongoing state

court proceedings when relief could be sought in the state courts. Under *Younger*, abstention is required when the state proceedings are ongoing, when the state courts provide an adequate forum for petitioner's claim, and where important state interests are implicated. These criteria are met here, as the state criminal action against petitioner remains pending, the state courts provide a forum, and because there is an important state interest implicated by the criminal proceedings. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)(recognizing that "state control over criminal justice" is "a lynchpin in the unique balance of interests" of federalism).

Because petitioner has not exhausted state court remedies, this habeas corpus petition must be dismissed without prejudice. In addition, abstention under the *Younger* doctrine is appropriate in this matter.

### Certificate of Appealability

Because the Court has entered a decision adverse to the petitioner, it must determine whether to issue or deny a certificate of appealability (COA). A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner meets this showing "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where, as here, the petition is denied on procedural grounds, a COA should issue only if the applicant shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was

correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds the procedural ground that is the basis for the dismissal of this matter is well-established and not reasonably debatable. The Court therefore declines to issue a COA.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed due to petitioner's failure to exhaust state court remedies.

IT IS FURTHER ORDERED a Certificate of Appealability is denied.

**IT IS SO ORDERED.**

DATED:  This 20th day of March, 2018, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge